**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Onofre Mendoza, Sergio Martinez, individually and on behalf of all others similarly-situated,<br><br>        Plaintiffs,<br><br>                v.<br><br>S.C. Management Realty LLC, and Kamran Hakim,<br><br>        Defendants. | No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS AND COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiffs Onofre Mendoza and Sergio Martinez, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, The Ottinger Firm, P.C., and Jessica Massimi, Esq. as and for their Complaint in this action against Defendants S.C. Management Realty LLC (the "Company" or "S.C. Management") and Kamran Hakim (collectively, "Defendants"), allege upon personal knowledge and upon information and belief as to other matters as follows:

**NATURE OF THE CLAIMS**

1.      Plaintiffs, current and/or former non-exempt employees employed by Defendants, bring this action on their own behalf and on behalf of the proposed collective and Rule 23 classes identified below, against Defendants for violations of: (1) the overtime requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); (2) the minimum wage and overtime requirements under New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.* and Part 142 of Title 12 of the Official Compilation of Codes, rules and regulations of the state of New York, 12 N.Y.C.R.R. § 142 *et seq.*; (3) the wage statement and notice requirements of

1

NYLL §§ 195(1) and 195(3); (4) the spread of hours requirement under New York State Regulation 12 NYCRR § 142-2.4 ("NYCRR"); and (5) any other claim(s) that can be fairly inferred from the facts set forth herein.

2.    Plaintiffs seek to represent a collective made up of all persons who are or have been employed by Defendants as non-exempt employees in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action.

3.    Plaintiffs seek to represent a class made up of all persons who are or have been employed by Defendants as non-exempt employees in New York from six (6) years prior to this action's filing date through the date of the final disposition of this action.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 216(b) and 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the wage violations which gave rise to these claims primarily occurred in this District.

6.    Plaintiffs' claims are properly consolidated as a single action because their claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## THE PARTIES

7.    Plaintiff Onofre Mendoza was employed by Defendants as a construction worker from around 2012 to the end of January 2022.  At all relevant times, Plaintiff Onofre Mendoza was an "employee" within the meaning of the FLSA and NYLL.

8.      Plaintiff Sergio Martinez has been employed by Defendants as a construction worker, or handyman, from around 2012 to present and, additionally, an elevator operator, from around 2018 to present.

9.      Defendant S.C. Management is a limited liability company existing under the laws of the State of New York, with its principal place of business located at 3 West 57th St, New York, NY 10019.  At all relevant times, Defendant S.C. Management was an "employer" within the meaning of the FLSA and NYLL.

10.     Upon information and belief, S.C. Management has an annual gross volume of sales in excess of $500,000.

11.     At all relevant times, Defendant S.C. Management employed eleven (11) or more employees.

12.     Upon information and belief, at all relevant times, Defendant Kamran Hakim is an owner or member of S.C. Management and exercises sufficient control of S.C. Management's day to day operations to be considered Plaintiffs' employer under the FLSA and New York law.

13.     Defendant Hakim had the ability to hire and fire Plaintiffs and other employees of Defendant S.C. Management.

14.     Defendant Hakim had the ability to set the pay of Plaintiffs and other employees of Defendant S.C. Management.

15.     Defendant Hakim had the ability to set the schedules of Plaintiffs and other employees of Defendant S.C. Management.

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs bring this action on behalf of themselves and other employees similarly situated, as authorized under 29 U.S.C. § 216(b).  The employees similarly situated are:

**FLSA Collective:** All persons who are or have been employed by Defendants as non-exempt employees in New York from three (3) years prior to this action's filing date through the date of the final disposition of this action.

17.     Defendants employed Plaintiffs and the members of the FLSA Collective Action during the time period relevant to the FLSA Collective Action, and classified Plaintiffs as non-exempt from the minimum wage and overtime requirements of the FLSA.

18.     Each of the FLSA Collective Action members are or were non-exempt employees entitled to minimum wage for all hours worked up to 40 hours per workweek and overtime compensation for all hours worked in excess of 40 hours per workweek.

19.     However, at all times during the FLSA Collective Action period, Defendants failed to pay the Collective Action members minimum wage for all hours worked up to 40 hours per workweek and all overtime premiums for all hours worked in excess of 40 hours per workweek.

20.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Action members.

21.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective Action members and, as such, notice should be sent to the FLSA Collective Action members.

22.     There are, upon information and belief, similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated individuals are known to Defendants and are readily identifiable through Defendants' records.

## CLASS ACTION ALLEGATIONS

23.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal

Rules of Civil Procedure on behalf of the following defined class:

>     **New York Class:** All persons who are or have been employed by
>     Defendants as non-exempt employees in New York from six (6) years prior
>     to this action's filing date through the date of the final disposition of this
>     action.

24.     At all times during the time period relevant to the New York Class, Defendants,

as a matter of policy, (i) did not pay Plaintiffs or the New York Class minimum wage for every

hour worked up to 40 hours in a given workweek or the applicable overtime premium pay rate

for all hours worked in excess of 40 hours per workweek; (ii) failed to furnish correct and

accurate wage notices and wage statements required by the NYLL; (iii) did not pay Plaintiffs or

the New York Class spread of hours compensation.

25.     The facts as alleged in the foregoing Paragraphs with respect to the FLSA

Collective Action are similarly true for the New York Class during the time period relevant to

the New York Class.

26.     Upon information and belief, Defendants failed to make, keep, and/or preserve

accurate records with respect to Plaintiffs and the New York Class and failed to furnish to

Plaintiffs and the New York Class accurate and compliant wage notices and statements of wages,

in violation of the NYLL and supporting New York State Department of Labor regulations.

27.     Numerosity: The proposed New York Class is so numerous that joinder of all

members is impracticable. Upon information and belief, during the relevant time period,

Defendants employed in excess of 40 people who fall within the New York Class and thus

satisfy the numerosity definition of the proposed New York Class.

28.     Typicality: Plaintiffs' claims are typical of the members of the proposed New York Class.  During the New York Class period, Defendants subjected Plaintiffs and the members of the New York Class to the same policy and practice of failing to pay them minimum wage and overtime compensation required by the NYLL, failed to pay spread of hours pay, and failed to provide statutorily sufficient and accurate wage notices and pay statements.

29.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30.     Adequacy: Plaintiffs will fairly and adequately protect the interests of the proposed New York Class and have retained counsel experienced in FLSA and NYLL collective and class action litigation.

31.     Commonality: Common questions of law and fact exist with respect to all members of the proposed New York Class that predominate over any questions solely affecting individual members of the proposed New York Class, including but not limited to:

        a.      Whether Defendants violated the NYLL as alleged herein;

        b.      Whether Defendants unlawfully failed to pay the applicable minimum wage to members of the New York Class in violation of NYLL;

        c.      Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the New York Class in violation of NYLL;

        d.      Whether Defendants failed to provide the New York Class with accurate wage notices in violation of NYLL;

        e.      Whether Defendants failed to provide the New York Class with accurate wage statements in violation of NYLL;

6

f.      Whether Defendants unlawfully failed to pay spread of hours compensation to members of the New York Class;

g.      Whether Defendants employed Plaintiffs and the New York Class within the meaning of New York law;

h.      Whether Defendants should be enjoined from continuing the practices that violate the NYLL;

i.      What the proper measure of damages sustained by the New York Class are; and

j.      Whether Defendants' actions were "willful."

32.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) and/or Fed. R. Civ. P. 23(b)(3) because prosecution of actions by or against individual members of the New York Class could result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests, and common questions of law and fact to the New York Class predominate over any questions affecting only individual Class members and a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

33.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because Defendants' common and uniform policies and practices denied the New York Class the wages to which they are entitled.  The damages suffered by the New York Class members are small compared to the expense and burden of individual prosecution of this litigation.  In addition,

class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments of Defendants' practices.

34.     Plaintiffs intend to send notice to all members of the New York Class to the extent required by Rule 23.  The names and addresses of the New York Class are available from Defendants.

## INDIVIDUAL FACTUAL ALLEGATIONS

35.     As outlined above, Defendants employed Plaintiff Onofre Mendoza as a construction worker from approximately 2012 to the end of January 2022.

36.     Plaintiff Mendoza's job duties have included demolition work at various construction sites around Manhattan.

37.     During his employment, Plaintiff Mendoza generally worked from Monday to Friday, from around 8 a.m. to 6 p.m., with a break from 12 to 12:30 p.m. every day, for a total of about 47.5 hours per week.

38.     As outlined above, Defendants have employed Plaintiff Sergio Martinez as a construction worker, or handyman, from around 2012 to present and, additionally, as an elevator operator from around 2018 to present.

39.     Plaintiff Martinez's job duties as a construction worker, or handyman, have included fixing plumbing, doing carpentry work, and demolition.

40.     Plaintiff Martinez has worked at various construction sites around Manhattan.

41.     During his employment as a construction worker or handyman, Plaintiff Martinez generally worked from Monday to Friday, from about 8 a.m. to 6 p.m., with a break from 12 to 12:30 p.m. every day.

42.     During his employment as an elevator operator, Plaintiff Martinez generally worked on Saturdays from around 7 a.m. to 3:30 p.m., with a break from around 12 to 12:30 p.m. every day.

43.     In total, as a construction worker or handyman and elevator operator, Plaintiff Martinez generally worked about fifty-five and a half (55.5) hours per week.

44.     Defendant paid Plaintiffs in cash, but sometimes paid Plaintiff Martinez by check for his work as an elevator operator.

45.     Defendants did not compensate Plaintiffs one and a half times their regular rates and/or the applicable minimum wage rate for hours worked in excess of forty (40) per week.

46.     Defendants did not compensate Plaintiff Martinez at the applicable minimum wage.

47.     Defendants did not provide Plaintiff proper wage statements pursuant to NYLL § 195 (3).

48.     Defendants committed the foregoing acts against Plaintiffs, members of the FLSA Collective Action, and members of the New York Class.

### FIRST CAUSE OF ACTION
**(FLSA: Failure to Pay Overtime Compensation)**
**(Brought By Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs)**

49.     Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

50.     During the relevant time period, Plaintiffs and the members of the FLSA Collective worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the FLSA, were not paid appropriate overtime compensation.

51.      Despite the hours worked by Plaintiffs and the members of the FLSA Collective, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiffs and the members of the FLSA Collective appropriate overtime compensation.

52.      The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

53.      Accordingly, Plaintiffs and the members of the FLSA Collective are entitled to the difference between the wages paid (if any) by Defendants and the applicable overtime rate of pay, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of the FLSA's overtime provisions.

54.      Plaintiffs and the members of the FLSA Collective seek recovery of their attorneys' fees and costs to be paid by Defendants, as provided by, *inter alia*, the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### SECOND CAUSE OF ACTION
**(NYLL § 652 & N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.1: Unpaid Minimum Wage)**
**(Brought By Plaintiff Martinez on Behalf of Himself and the Class)**

55.      Plaintiff Martinez alleges and incorporates herein by reference all of the foregoing allegations in the preceding paragraphs.

56.      As outlined above, Defendants' pay practices failed to pay Plaintiffs and the members of the New York Class the applicable minimum wage for every hour worked as required by the NYLL § 652 and the N.Y.C.R.R. tit. 12 § 142-2.1.

57.      Accordingly, Plaintiff Martinez and the members of the New York Class are entitled to the difference between the applicable minimum wage and the wages (if any) paid by Defendants, plus any applicable statutory penalties and/or liquidated damages, as damages for Defendants' violations of, *inter alia*, the NYLL and N.Y.C.R.R.

58.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of, *inter alia*, NYLL § 198, and as a result Plaintiff Martinez and the members of the New York Class are entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

59.     Plaintiff Martinez and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL and N.Y.C.R.R.

**<u>THIRD CAUSE OF ACTION</u>**
**(NYLL § 650 *et seq*. & N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2: Failure to Pay Overtime Compensation)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

60.     Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

61.     During the relevant time period, Plaintiffs and the members of the New York Class regularly worked in excess of 40 hours per workweek and, because of Defendants' above-outlined violations of the NYLL, were not paid all appropriate overtime compensation.

62.     Despite the hours worked by Plaintiffs and the members of the New York Class, Defendants willfully, in bad faith, and in knowing violation of the NYLL and N.Y.C.R.R. tit. 12 § 142-2.2, failed and/or refused to pay them appropriate overtime compensation.

63.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis within the meaning of NYLL § 198, and as a result Plaintiffs and the members of the New York Class are entitled to the applicable statutory penalties and/or liquidated damages and such other legal and equitable relief as the Court deems just and proper.

64.     Plaintiffs and the members of the New York Class also seek to have their reasonable attorneys' fees and costs paid by Defendants, as provided by the NYLL.

## FOURTH CAUSE OF ACTION
### (NYLL § 195: Failure to Furnish Wage Statements)
### (Brought By Plaintiffs on Behalf of Themselves and the Class)

65.     Plaintiffs allege and incorporate herein by reference all of the foregoing allegations in the preceding paragraphs.

66.     During the relevant time period, Defendants failed to furnish Plaintiffs and the members of the New York Class with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

67.     Defendants' violation of the NYLL was willful and, as a result, Defendants are liable to Plaintiffs and the members of the New York Class for the applicable statutory penalty and/or liquidated damages which may be $250 per violation up to a maximum of $5,000 per class member.

68.     In addition to statutory penalties, Plaintiffs and the members of the New York Class are entitled to recover from Defendants' reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all members of the proposed FLSA Collective and the New York Class, prays for the following relief:

A.     An award of damages, according to proof, including back pay and liquidated damages, to be paid by Defendants;

B.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all

similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C.      Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

D.      Designation of this action as a class action pursuant to F.R.C.P. 23.

E.      Designation of Plaintiffs as Representative of the Class.

F.      An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G.      Penalties available under applicable laws;

H.      Costs of action incurred herein, including expert fees;

I.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

J.      Pre-judgment and post-judgment interest, as provided by law; and

K.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: February 4, 2022

New York, New York                          Respectfully submitted,

                                            THE OTTINGER FIRM, P.C.


                                      By: /s/ Finn Dusenbery
                                          Finn Dusenbery
                                          Robert Ottinger
                                          401 Park Avenue South
                                          New York, New York 10016
                                          Telephone: (212) 571-2000

Fax: (212) 571-0505
robert@ottingerlaw.com
finn@ottingerlaw.com


By: /s/ Jessica Massimi
    Jessica Massimi, Esq.
    99 Wall Street, Ste 1264
    New York, NY 10005
    Tel: (646) 241-9800

    *COUNSEL FOR PLAINTIFFS AND THE
    PROPOSED CLASSES*

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.