UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONOFRE MENDOZA and SERGIO MARTINEZ, *individually and on behalf of all others similarly situated*,

                Plaintiffs,

– against –

KAMRAN HAKIM and S.C. MANAGEMENT REALTY, LLC,

                Defendants.

**ORDER**

22 Civ. 1035 (ER)

RAMOS, D.J.:

    Onofre Mendoza and Sergio Martinez brought this collective action on February 4, 2022, against defendants Kamran Hakim and S.C. Management Realty, LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), various provisions of New York Labor Law ("NYLL"), and the supporting New York State Department of Labor regulations. Doc. 1. Plaintiffs allege that Defendants failed to pay the lawful minimum wage, overtime compensation, and spread of hours compensation and failed to provide proper wage notices and wage statements. Before the Court is the parties' motion for settlement approval. Doc. 20. For the following reasons, the motion for settlement approval is GRANTED.

**I. LEGAL STANDARD**

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the

proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.    DISCUSSION

### A.    Range of Recovery

The proposed settlement agreement provides for a recovery of $69,000. Doc. 20 at 2. Plaintiffs' counsel will receive approximately one third of the total settlement amount for attorneys' fees and costs ($23,588.80). *Id.* at 6. After attorneys' fees and costs, Plaintiffs will receive $45,411.20.

Plaintiffs estimate that they are entitled to a total of $48,984.35 in unpaid overtime compensation, $48,984.35 in liquidated damages on wages and overtime compensation, and $10,000 in damages for invalid wage notices and invalid wage statements. *Id.* at 3. Plaintiffs also assert that Martinez has retaliation claims, which were not alleged in the Complaint, pursuant to which he could recover $5,692.50 in lost wages, $20,000 in statutory damages under

NYLL, and damages for emotional distress. *Id.* Therefore, Plaintiffs' calculations resulted in a total amount of $133,661.20. Thus, under the terms of the settlement, Plaintiffs would recover approximately 33.97% of their total recovery.

In the instant case, the proposed amount is fair and reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Plaintiffs receiving a settlement without experiencing the risks and delays inherent in litigation. Furthermore, Plaintiffs' counsel notes that there were contested factual and legal disputes that went to the heart of their claims, and that Defendants produced records purportedly showing the number of hours they worked and the wages they received. Doc. 20 at 3, 4. Plaintiffs believe the settlement is reasonable in light of these uncertainties. *Id.* at 3.

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). In light of the aforementioned uncertainties and the risk of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Plaintiffs. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). Finally, this settlement resulted from arm's length negotiations at a court-ordered mediation. Doc. 20 at 3; Doc. 12.

Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

B.     **Attorneys' Fees & Costs**

The Court finds the proposed attorneys' fees and costs to be reasonable. Plaintiffs' counsel will receive $23,588.80 for attorneys' fees and costs, which is approximately one third of the settlement. Doc. 20 at 4. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Plaintiffs' counsel has submitted billing records for the following individuals: (1) Jessica Massimi, a solo practitioner, billed at a rate of $300 per hour; (2) Robert Ottinger, the founder of Ottinger Firm, P.C., billed at a rate of $300 per hour; (3) Finn Dusenbery, an associate at the firm, billed at a rate of $300 per hour; (4) Brian Walker billed at a rate of $300 per hour; (5) Tim Hansen, a paralegal at the firm, billed at a rate of $125 per hour; and (6) Jolen Medwid, presumably a paralegal, billed at a rate of $125 per hour. Doc. 20 at 4 n.4, 5–6; Doc. 20-3.[1]

As to Massimi, Ottinger, and Dusenbery, the Court finds that the hourly rate of $300 is reasonable. *See, e.g.*, *Lopez v. Emerald Staffing, Inc.*, No. 18 Civ. 2788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) ("In this district, courts generally award experienced

---

[1] Although the motion refers to Finn Dusenbery and Tim Hansen as the two individuals identified in the firm's billing records, Doc. 20 at 4 n.4, the records also include entries for individuals named Robert Ottinger, Brian Walker, and Jolen Medwid. Doc. 20-3 at 2, 4.

4

wage-and-hour attorneys between $300 to $400 per hour."); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although hourly rates of $450 for partners and $350 for associates "are somewhat higher than the presumptively reasonable rates in this District, they are not beyond the pale"). As to Walker, who is presumably an associate based on the work he performed and the rate he billed, Plaintiffs have not stated his relevant experience. "[C]ourts are generally more skeptical of requested hourly rates when the applicant fails to provide information about the backgrounds of the relevant attorneys and paralegals." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015). Nonetheless, in light of Walker's experience as described on counsel's website, the Court finds that his hourly rate of $300 is reasonable.

As to Hansen and Medwid, "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (holding that the requested hourly rate of $100 was reasonable); *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125). Therefore, the Court finds that the paralegals' hourly rate of $125 is reasonable.

The records submitted by Plaintiffs' counsel show that Massimi spent 4.9 hours on the case at a $300 hourly rate, resulting in a lodestar of $1,470; Ottinger spent 0.4 hours on the case at a $300 hourly rate, resulting in a lodestar of $120; Dusenbery spent 2.1 hours at a $125 hourly rate and 32.2 hours at a $300 hourly rate, resulting in a lodestar of $9,922.50; Walker spent 0.8 hours on the case at a $300 hourly rate, resulting in a lodestar of $240; Hansen spent 17.8 hours on the case at a $125 hourly rate, resulting in a lodestar of $2,225; and Medwid spent 1.4 hours

on the case at a $125 hourly rate, resulting in a lodestar of $175. Doc. 20-3. Therefore, counsel's total lodestar is $14,152.50. Doc. 20 at 4; Doc. 20-3. Plaintiffs' counsel seeks $23,588.80 in attorneys' fees and costs, $883.20 of which are costs for a filing fee and interpreting services. *See* Doc. 20 at 4 n.3; Doc. 20-2. The lodestar of $14,152.50, compared to the requested $22,705.60 of the settlement (net of costs), results in a lodestar multiplier (net of costs) of approximately 1.6. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.6 and determines $22,705.60 in attorneys' fees to be reasonable under the circumstances. The Court further finds that the requested costs of $883.20 are also reasonable.

### C.   Other Provisions

The Court finds all other provisions of the settlement to be fair and reasonable, as it includes no objectionable releases or non-disparagement or confidentiality provisions. *See Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Plaintiffs' obligations under the agreement, the release appropriately discharges only claims under the FLSA, NYLL, and regulations, concerning unpaid wages, record-keeping violations, and failure to provide proper wage notices and wage statements. Doc. 20-1 at 2; *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

The settlement agreement also includes a mutual non-disparagement clause. Doc. 20-1 at 5. Because the non-disparagement clause includes a carve-out for truthful statements about the parties' experience litigating the case, it is permissible. *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 180 n.65; *accord Quic*, 2021 WL 4710794, at *2; *Weng v. T&W Rest., Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647 (AJN), 2016 WL 1626631, at *3 (S.D.N.Y. Apr. 21, 2016).

### III.  CONCLUSION

The Court finds that the proposed settlement agreement is fair and reasonable and approves the agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 20, and close the case.

It is SO ORDERED.

Dated:  June 3, 2022
        New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.